IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RASHUN SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   17 C 4514 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| AMITA HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Rashun Singleton brought a pro se complaint against her previous employer,

Amita Health, alleging discrimination based on plaintiff's race and sex.   Pursuant to its standard

practice, this court referred the matter to the assigned magistrate judge for discovery supervision

and settlement.   After plaintiff retained counsel, the parties exchanged settlement letters and

appeared before Magistrate Judge Finnegan on April 16, 2018, for a settlement conference.

Plaintiff and her two retained attorneys, Adrian Bleifuss Prados and Richard Dvorak, were

present, as were defendants' attorneys and three authorized agents of defendant.

The parties reached an oral settlement and memorialized the terms of that settlement on

the record, and the magistrate judge entered an order indicating that the parties had settled and

ordering the parties to promptly prepare and exchange settlement documents.   At that time the

parties also signed a joint consent to the exercise of jurisdiction by the magistrate judge [Doc.

57].   Defense counsel then prepared a draft written settlement agreement and tendered it to

plaintiff's counsel.   Plaintiff refused to execute the agreement.   The magistrate judge then

ordered plaintiff, through her attorneys to send any proposed revisions to defense counsel by

May 24, 2018 [Doc. 65].   Plaintiff failed to tender any revisions or to sign the document, leading

defendants to file the instant motion to enforce the settlement agreement [Doc. 82].

Meanwhile on May 7, 2018, plaintiff filed a pro se motion objecting to the reassignment

of the case to Magistrate Judge Finnegan, claiming that she did not understand what the consent

meant.   Magistrate Judge Finnegan denied the motion without prejudice while the parties were

drafting the written settlement agreement.   Ultimately, plaintiff's attorneys sought and were

granted leave to withdraw from the case, and Magistrate Judge Finnegan granted plaintiff's

motion to vacate the case reassignment [Doc 114].

When the case was returned to this court, defendant's motion to enforce the oral

settlement agreement was pending.   Because Magistrate Judge Finnegan had conducted the

settlement conference, the court referred defendant's motion to Magistrate Judge Finnegan for a

report and recommendation ("R&R").

Magistrate Judge Finnegan issued her R&R on September 25, 2018.   In a comprehensive

report, Magistrate Judge Finnegan, after thoroughly reviewing the history of the case as well as

the applicable law, recommended that the court enforce the settlement agreement, but rejected

defendant's request for sanctions [Doc. 120].

Against this court's better judgment and over defendant's objections, the court granted

plaintiff two extensions of time in which to file objections to the R&R.   Plaintiff, through a new

counsel, filed her objections on November 27, 2018.   For the reasons described below, the

objections are overruled, and the court adopts Magistrate Judge Finnegan's R&R.

## **DISCUSSION**

"When a magistrate judge prepares a report and recommendation for a district court, the governing statute provides that the district court shall make a de novo determination with respect to any contested matter." Kanter v. C. I. R., 590 F.3d 410, 416 (7th Cir. 2009); 28 U.S.C. § 636(b)(1). The court is required to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion. The court may, however, be persuaded by the magistrate judge's reasoning, while still engaging in an independent decision-making process. Mendez v. Republic Bank, 725 F.3d 651, 661 (7th Cir. 2013).

A settlement agreement is a particular form of contract, and issues regarding the formation, construction and enforceability are governed by local contract law. Pohl v. United Airlines, Inc., 213 F.3d 336, 338 (7th Cir. 2000). Additionally, "federal law requires that a settlement of a Title VII suit must be knowing and voluntary." Newkirk v. Village of Steger, 536 F.3d 771, 774 (7th Cir. 2008). The federal knowing and voluntary requirement is a prerequisite that must be satisfied after the existence of a binding agreement has been established under state contract principles. Dillard v. Starcon, Int'l, Inc., 483 F.3d 502, 507 (7th Cir. 2007).

In Illinois, oral settlements are enforceable if there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement. Dillard, 483 F.3d at 507. Whether the parties have reached a meeting of the minds depends on their objective conduct, not their subjective beliefs. Id. at 507. "All that is required is sufficient clarity to ascertain the parties' understanding. TRT Transp., Inc. v. Aksoy, 506 Fed. App'x 511, 513 (7th Cir. 2013). An agreement is enforceable if the "essential terms" are sufficiently "definite and

3

certain" that "a court can ascertain the parties' agreement from the stated terms and provisions." Dillard, 483 F.3d at 507. Moreover, "the simple fact that a formal document will follow does not reduce an oral agreement to a negotiation if the ultimate contract will be substantially based upon the same terms." Tarau v. Coltea, 2017 WL 3521410, *7 (N.D. Ill. Aug. 16, 2017) (quoting TRT Transp., 506 Fed. App'x at 513). The existence of a valid enforceable agreement is a question of law for the court to decide when the basic facts are not in dispute. Beverly v. Abbott Labs, 817 F.3d 328, 333 (7th Cir. 2016). Here, the facts are not in dispute because plaintiff indicated her agreement to the settlement terms on the record.

This court has reviewed the transcript of the recitation of the settlement terms by the attorneys and plaintiff's acknowledgement of her agreement thereto. It is abundantly clear from the transcript that the parties reached a meeting of the minds on all relevant terms. Plaintiff was asked by the court if the summary stated by the attorneys was an accurate summary of what she agreed to accept to settle her case, and she replied "yes." In addition, plaintiff was asked whether she understood that even though she had not yet signed any documents, the settlement was a "binding settlement agreement so you can't change your mind on the settlement terms when you leave the courtroom." She again indicated that she understood and agreed.

Plaintiff now argues that there was no meeting of the minds with respect to her withdrawing her pending Illinois Department of Human Rights charges. Yet, the transcript is perfectly clear on this issue. Plaintiff agreed to withdraw all pending charges, including any charges of which defendant might not yet have notice. Her attempt to create an issue now is rejected.

Finally, the court concludes that plaintiff's agreement to the settlement was both knowing and voluntary. She was represented by able and experienced counsel. She was fully informed and given every opportunity by the court to question any of the terms. As plaintiff acknowledges, when a party is represented by chosen counsel throughout negotiations and settlement, the resulting agreement is "presumptively informed and willing, absent circumstances such as fraud or duress." Baptist v. City of Kankakee, 481 F.3d 485, 490-91 (7th Cir. 2007).

Plaintiff now claims that her agreement was not knowing and voluntary because she did not have enough time to speak with her attorneys. The transcript belies this after-the-fact claim. The magistrate judge specifically asked plaintiff if she had a chance to discuss the settlement terms with her attorneys. She responded "yes." If she had any concerns about the terms or felt that she needed more time to speak with her attorneys, that was the time to speak up. Indeed, plaintiff did ask a question about the tax consequences, was given time to talk to her attorney, and then while on the record was asked by the magistrate judge if she wanted to ask the magistrate judge a question. Plaintiff responded "no." In short, this court's review of the record, as well as plaintiff's objections leads it to conclude that plaintiff willingly and knowingly agreed to the terms of the settlement as explained on the record by the attorneys. The court therefore adopts the R&R in total.

## CONCLUSION

For the reasons described above, plaintiff's objections to the magistrate judge's R&R are overruled and the court adopts the R&R in full. Consequently, defendants' motion to enforce the

settlement agreement [Doc. 82] is granted.   The court denies defendant's request for attorney's

fees.   The status set for December 12, 2018 at 9:00 a.m. is cancelled.

**ENTER:       December 10, 2018**

_____
**Robert W. Gettleman**
**United States District Judge**